STATE OF MISSOURI at the relation of the NATIONAL REFINING COMPANY a Corporation, Relator, v. HOPKINS B. SHAIN, EWING C. BLAND, and WILLIAM E. KEMP, Judges of the Kansas City Court of Appeals.—139 S. W. (2d) 995.

Division One, May 7, 1940.

*I. J. Ringolsky, Wm. G. Boatright, Harry L. Jacobs, Ringolsky, Boatright & Jacobs* and *C. A. Whitebook* for relator.

*Luther W. Adamson* and *Martin J. O'Donnell* for respondents.

GANTT, J.—Certiorari to quash the opinion of the Kansas City Court of Appeals in Fawkes v. National Refining Co., 130 S. W. (2d) 684. In that case the Court of Appeals affirmed a judgment for plaintiff for personal injuries. On the night in question the motor of a truck owned by C. H. Stinnett would not function. Assuming that the truck was without gas, Stinnett and companion pushed it to the filling station of the defendant company and purchased gasoline. Even then the motor would not function. Thereupon Stinnett, companion and Earl Howell, filling station agent of the company, in an effort to start the motor, pushed the truck from the station on to the highway where the truck, in which plaintiff was riding, collided with the rear end on the Stinnett truck.

In substance the petition alleged that the Stinnett truck was without a lighted rear light; that Howell, the agent of defendant company knew, or, by the exercise of ordinary care, could have known that the truck was without a lighted rear light, yet, he negligently pushed the truck from the station on to the highway, thereby negligently causing plaintiff's injury.

Relator contends that the opinion of the Court of Appeals conflicts with opinions of this court, ruling that general negligence should not be submitted to the jury when the petition alleges, or the evidence discloses, specific negligence.

Relator also contends that the opinion conflicts with opinions of this court, ruling that the omission of an essential element of plaintiff's right of recovery from an instruction covering the entire case and authorizing a verdict, is prejudicially erroneous. The challenged instruction follows:

"The court instructs the jury that if you believe and find from the evidence that defendant Howell, while station agent of defendant, National Refining Company, and as such acting within the scope of his employment, if you so find, negligently assisted in pushing the Stinnett truck mentioned in evidence without a red light on the back thereof facing to the rear, if you so find, from the grounds of the filling station of the National Refining Company mentioned in evidence to, upon, over and along the highway mentioned in evidence; that by reason of the absence of such red light from the back of said automobile truck, if you find it was absent, and that as a direct result thereof, the truck in which plaintiff was riding collided with said automobile truck and that plaintiff was thereby injured and that plaintiff exercised ordinary care to warn her husband of its presence, then your verdict must be for plaintiff and against defendant National Refining Company."

It will be noted that the instruction did not require the jury to find that Howell, the agent of defendant company, *knew, or, by the exercise or ordinary care, could have known,* that the truck was without a lighted rear light. There was testimony tending to show that the truck was equipped with a lighted rear light, and there was testimony tending to show that the truck was not equipped with such a light.

The Court of Appeals concedes that the challenged instruction did not clearly direct the jury on said issue. Even so, it ruled that the above-mentioned opinions of this court are without application in the face of the testimony of Howell, agent and witness for defendant company. Howell testified that he pushed on the rear end of the truck and that it was equipped with a "tail light." From this, the Court of Appeals ruled that Howell must have exercised ordinary care by examining the rear of the truck to determine whether it was equipped with a lighted rear light; otherwise he could not have given testimony on the question. In other words, the said court ruled that Howell's testimony was an admission that he knew whether or not the rear end of the truck was equipped with a lighted rear light. In view of this admission, the said court ruled that requiring the jury to find that Howell "negligently assisted in pushing the Stinnett truck . . . without a red light on the back thereof," was an

indefinite submission to the jury of the issue of ordinary care on the part of Howell.

It further ruled that the indefinite submission of the issue was cured by defendant's instruction which required the jury to find that Howell, while pushing the truck on the highway, was in the exercise of ordinary care. In so ruling, the Court of Appeals followed the ruling of this court in McDonald v. Kansas City Gas Co., 332 Mo. 356, 59 S. W. (2d) 37.

There is no conflict with the rulings of this court, and the writ should be quashed. It is so ordered. All concur.